UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CASE NO. 3:17-cv-1028-J-39MCR

VIOLATIONS OF FEDERAL AND STATE
CONSTITUTIONAL RIGHTS, CIVIL RIGHTS,
42 U.S.C. §1983, CONCRETE DAMAGES FOR
ABUSE OF ELDERLY AND DISABLED (ADA),
NOMINAL, COMPENSATORY, PUNITIVE,
REINSTATEMENT OF PROPERTIES ILLEGALLY
FORECLOSED, AND ALL OTHER DAMAGES
AFFORDED FOR VIOLATIONS AND DEPRIVATIONS
OF UNITED STATES CITIZEN INALIENABLE RIGHTS
PROTECTED BY THE SUPREMACY CLAUSE.
JURY DEMANDED
DAMAGES DEMANDED: $1,000,000,000.

JUDY ANN JEAN KEETER, An Individual AND
ROBERT KEEFER An Individual,

Plaintiffs,

V.

CITY OF JACKSONVILLE, a Florida municipal corporation
MARK HARRISON MAHON,
KAREN K. COLE
AARON K. BOWDEN
THOMAS M. BEVERLY
RONNIE FUSSELL
GMAC MORTGAGE LLC.
LOCKE LORD, LLP.
ALDRIDGE CONNORS LLP A/K/A ALDRIDGE PITE
BANK OF NEW YORK MELLON, F/K/A The BANK OF NEW YORK, AS
TRUSTEE, ON BEHALF OF THE HOLDERS OF THE ALTERNATIVE LOAN
TRUST 2006-0A11, MORTGAGE PASS-THROUGH CERTIFICATES SERIES
2006-OA11
KELLEY KRONENBERG

Defendants

## EMERGENCY COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF, REINSTATEMENT OF PROPERTIES, AND COMPLAINT FOR DAMAGES IN EXCESS OF $1,000,000,000.

**COME NOW the Plaintiffs, JUDY ANN J. KEETER and ROBERT L. KEEFER (collectively, the (Plaintiffs), as pro se litigants and sue** The **CITY OF JACKSONVILLE, MARK HARRISON MAHON** (Chief Judge Mahon), in his personal and/or official capacity as the Chief Judge of the Fourth Judicial Circuit of Florida, **KAREN K. COLE**, in her personal and/or official capacity as the Circuit Judge of the Fourth Judicial Circuit of Florida, **AARON K. BOWDEN**, in his personal and/or official capacity as the Circuit Senior Judge of the Fourth Judicial Circuit of Florida, **THOMAS M. BEVERLY**, in his personal and/or official capacity as the Circuit Judge of the Fourth Judicial Circuit of Florida, **RONNIE FUSSELL**, in his personal and/or official capacity as the Clerk of Fourth Judicial Circuit of Florida, **ALDRIDGE CONNORS LLP A/K/A ALDRIDGE PITE, LOCKE LORD, LLP., GMAC MORTGAGE LLC. (CASE #2009-CA-015882), KELLEY KRONENBERG, BANK OF NEW YORK MELLON, F/K/A The BANK OF NEW YORK, AS TRUSTEE, ON BEHALF OF THE HOLDERS OF THE ALTERNATIVE LOAN TRUST 2006-OA11, MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2006-OA11, (CASE #2014-CA-005715)**

and in support thereof, Plaintiffs alleges the following:

## INTRODUCTION, JURISDICTION, VENUE, AND PARTIES

¶1. **This is an action for Violations of Federal and State Due Process, Civil Rights, Humane Rights, Inalienable Rights, Obstruction of Justice, Misprision of a Felony, Illegal Foreclosures and Seizures of Property under "Color of Law", Abuse of Power, Fraud and/or Fraudulent Pretense, False Recorded Documents in Official Records, Perjured Affidavits by Attorneys, False**

**Diligent Searches, Interference with Rental Contracts, Discrimination and Segregation into Substituted Foreclosure Court ran by Senior Judges who failed to follow the Rule of Law, Rules of Civil Procedure, Rules of Judicial Administration, Florida Statutes, overruling Supreme Court and 1DCA Case Law, and a Complete Deprivation of Title 18 USC Section 241 and Section 242 Rights, §768.28(6)(a), and Rico.**

**Brief Statements of the Facts to support Relief for Plaintiffs of Return of their properties Illegally Foreclosed under Color of Law.**

**¶2. A Notice of Intent to Sue was sent to The City of Jacksonville (General Counsel by U.S.P.S. Registered Mail #7009-2820-0000-5724-2910, The Florida Department of Financial Services by U.S.P.S. Registered Mail #7007-1490-0002-409-1522 as per §768.28(6)(a) on 3/23/16, along with the Listed Judges, Clerks, and even the Supreme Court of Florida.** Plaintiffs had come to the realization that no matter how many Verified Motions, Affidavits, Exhibits, etc. that there was Never going to be any Access to the Court to obtain a hearing, to be able to attend a hearing, object, present her defense on record with a court reporter, and then receive a ruling all of which was a Necessary Element for Preservation of Record to go to the Appeals court. Plaintiffs only recently realized what the Appeals court Required for Preservation of Record. Plaintiffs believed all along that if her filings were docketed and legally sufficient and preserved her right to

Challenge the Jurisdiction of the court with Special Appearance stating no waiver

of Rights that was Preservation of your Record.  Plaintiffs was wrong after

painfully spending 12 to 14 hours a day reading, learning the law, attempting to

make her filings look professional and have cases to support and even Verified

most was not enough for the Appeals court.

¶2.  Even though Plaintiffs was not being served process or the summons, and not

even receiving anything in the mail due to the fact that most of the Attorneys sent

or purportedly sent documents to the Rental properties, even though I did not

receive them from Tenants.

¶3.  So Basically I have had my properties foreclosed, sold, certificate of titles

issued all without Appearing before the court for any Motion due to the fact that

Plaintiffs was not afforded any means to obtain a hearing in the Segregated Court

by the Senior Judges.

¶4.  The first property with GMAC Mortgage, LLC. Foreclosure Plaintiff found out

accidently as she checks her name in the dockets as with rentals and properties

things occur without your knowledge, so it was a habit with me and when I saw

that a foreclosure was filed and I had not received anything, I filed a Motion for

Extension of Time to obtain an Attorney, then later I also filed a Motion to Dismiss

after I went downtown to the courthouse and read the papers and found that

GMAC Mortgage, LLC. Did not have Standing, Right to Enforce, No Assignment,

not named on any Mortgage or Note and to my surprise my husband's name was listed also when Robert Keefer had never signed any note or mortgage in his life or owned property.  Immediately I prepared a Motion to Dismiss and another Motion for Extension of Time as I had received no response from the court and had no knowledge how to contact the Judge, which was why I Retained an Attorney Kel on March 2010.

¶3.  The Kel Attorneys were paid up front thinking that we would get better representation, but that didn't exactly work out.  First after we had explained everything to the Attorneys, sent them what they asked for, they stated that they would prepare a "Motion to Quash the Insufficient Service" that was shown in the docket that the Process Server personally served my Husband Robert Keefer, however, this was not true and the Description of his hair color evidenced this fact as the server stated he had "Blonde Hair".  My husband has almost black hair and at the time had it long with a goatee that any reasonable person would believe had a process server really personally served him that it would have been more likely than not noted Long hair and Goatee as that was not the norm at the time.  But regardless the Hair color was obviously easy to distinguish Blonde from Black, plus my husband knew he had not been served and I had not been either.

¶4. Next the Attorney Kel made the Motion to Quash however, waited until after a hearing for Summary Judgment occurred on 4/7/09 for which Judgment was

rendered without my Attorney present and I believe not even with an actual

hearing as the Judge made a Disposal Document checking "By Judge" only

without checking Hearing.

¶5.  I found all of this afterwards as I was hospitalized during the time for an

accidental overdoze of my medications for anxiety and I had a severe sleep

deprivation from sleep apnea and narcolepsy, so I sometime didn't realize how

much I had taken and I also was drinking alcohol and I hadn't ever drank, but I felt

so helpless and frustrated that I just wanted to relax, unfortunately the combination

proved to be fatal as I dropped to the floor while talking to my husband of which

immediately he called 911 thinking I was trying to kill myself because I was so

distressed, depressed, sleep deprived, anxiety ridden and I had told him I wasn't

sure how many pills I had taken before I passed out.  I usually would tell him if I

forgot, so just in case something happened and due to drinking where I wasn't a

drinker I was taking shots of 150 proof liquor as I really wanted to relax.

Unfortunately I relax too much and woke up in the hospital a day later in

emergency hooked up to machines and an IV with a Doctor asking me how I felt.

My first question was how did I get there, because I didn't even remember passing

out.  I was check out and kept until the Doctors confirmed I wasn't trying to

commit suicide, which I wasn't, but I sure didn't keep drinking after that and was

put on some more medications to help my emotions.  Later I also got a C Pap

machine to help me sleep as I wasn't sleeping at all due to the emotional distress of the litigation as I couldn't understand how I could get a Judgment and not be served and then even have an Attorney.

¶5  Due to being afraid about my health as I had also found that I had Congenital Heart failure, I had to get some relief someway, because the property was about to be sold as the Attorney didn't get a hearing for the Motion to Quash until 4/12/10 and the sale was set for 4/10/10, and they couldn't give me any assurance they could do anything if it was sold and didn't even try to stop the sale as now I now that all they had to do was ask for time at the beginning in March 2010 when retained and ask for the Summary Judgment Hearing to be canceled for that reason, but they didn't.  So I essentially paid them up front to get a Judgment against me and my husband who has never signed any mortgage or note so obviously that was malicious prosecution.

¶6  Now I made the decision to go into Bankruptcy because I was afraid I'd collapse from the pressure of the property being sold waiting for the Kel Attorneys to have a hearing afterwards, so I retained a Bankruptcy Attorney paid him upfront and he filed right away on May 9th, 2010 right before the sale, so the sale was canceled.

¶7  During the Time I researched the mortgages and notes and found a lot of discrepancies and decided to fight against the people who were not the Originators,

but strangers to me that I had never signed anything with and believed there was a lot of fraud, but my Bankruptcy Attorney wouldn't bring it up to the Judge and finally got aggravated with me asking and withdrew and I went for a while on my own and then at a hearing up and said I wanted to Dismiss my case and it was over in January 2013, so I went back to the lower court.

¶8 The first thing I found out was GMAC Mortgage LLC had set a hearing on 12/20/12 for our Motion to Quash. The only problem was they didn't send the Notice of Hearing to where I lived and obviously they knew where I lived from being in the Bankruptcy court as I had to report everything every month, so this was a purposeful act to deprive me of receiving the Notice of Hearing. The Notice of Hearing was even docketed three (3) times in the docket, but not until "After the Hearing Occurred", so had I even looked at the docket, I would not have known.

¶9 I also found that the Kel Attorneys had withdrawn representation without sending Notice to Plaintiffs as they even put the wrong address, so maybe they were assisting GMAC Mortgage, LLC. All I knew was I had to try and turn this around.

¶10 I immediately put in a Verified Motion to Rehear and have the Motion to Quash heard explaining that the Service list showed that the Notice of Hearing wasn't sent to where we lived. The Proof was right there in the docketed

document, but the Judge just ignored me and Granted the GMAC Mortgage, LLC. A new sale date.

¶11 All I knew to do was file documents, verified, affidavits, pleading to having a hearing and stop the sale, but was ignored and the property went to auction and supposedly sold for $100 on 4/7/13?. To the GMAC Mortgage LLC, even though the Auction sheet showed No Bidders at all. This was strange too.

¶12 I kept filing documents, but was ignored completely or just Denied.

¶13 Finally a hearing was set for GMAC Mortgage LLC for the Certificate of Title to be issued on 8/14/13 (Transcript evidences the facts).  Plaintiffs never received a Hearing for her "Objection to the sale that was timely and further was supported by the Clerk of Court not collecting the fees Before the sale which required the sale to be Canceled, but the clerk did not follow the Procedures or the Florida Statutes and continued with the Auction without GMAC MORTGAGE LLC paying the fees.

¶14  GMAC Mortgage LLC then had went into Bankruptcy themselves, so I filed a document asking for the hearing to be canceled for their Motion for the Certificate of Title to be Issued as when the Bankruptcy was going on, they were not supposed to do that especially since I have reviewed the Assets and nothing was shown about them owning any Loan or Note from me and everything is supposed to be reported in the Bankruptcy court.

¶15  As usual I was ignored and the hearing went on 9/18/13 with Attorney Chris Delbene of Phelan Hallinan, PLC, who I later found after the hearing  was not even Attorney of Record as it was David Stern.

¶16  During the hearing myself and my husband both stated we were there on Special Appearance to still challenge the Jurisdiction of the court as we had never been before the court or heard by the court or served process or the complaint. My husband also added that he had never signed any note or mortgage and not served. The Judge Wilkes then asked the Attorney if that was true? The Attorney Chris Delbene of Phelan Hallinan, PLC quickly stated that We had been heard by Judge Bowden on everything.  This was not true and an absolute lie.  We both objected on record and said that we hadn't been heard ever, but the Judge just took the Attorney's word over ours and said he didn't feel he had a choice other than to issue the Certificate of Title.  Plaintiffs would state that Judge Wilkes did have a choice to set an evidentiary hearing to see if the words that the Attorney Chris Delbene were True or the words of the Plaintiffs Pro Se Litigants were true, but instead Plaintiffs were Deprived and Denied again when the docket record evidences what Plaintiffs stated was True and the Docket itself evidenced Judicial Admissions that the Attorney Chris Delbene was committing Perjury by his Statements to the Judge as his words were False and Attorneys have a duty to be honest to the Tribunal and obviously this Attorney and others in the cases were not truthful but were rewarded for their Deceit and Deception and Aided and Abetted

by the Officers of the Court to whom were obligated by Oath to the Constitution to protect "All People", but this court of Segregated Foreclosure by Senior Judges were only for the Banks Attorneys allowing all procedures to go out the window and never making one Attorney prove their case with any Admissible Evidence.. We do have a Transcript of the 8/14/13 hearing that shows what exactly was stated by the Attorney that was Untrue and the docket itself also shows Judge Bowden had never even had any hearing before that, so the docket itself was Judicial Admission that what we stated was the Truth and what the Attorney that wasn't even Attorney of Record was False.

¶17. So we kept filing document after document trying to be heard by the court trying to obtain a hearing but was ignored or just denied whatever we filed with the court and had no access to obtain a hearing from the Judge as the GMAC MORTGAGE LLC was the only one who could obtain hearings.  Pro Se litigants were deprived of the right, discriminated without any Equal Rights or any Inalienable Rights that we were entitled by the Constitution and just simply as a Human being as a Citizen of the United States, but we were treated as if in a 3rd world country totally stripped of any rights whatsoever.

¶18. Defendant in this case Judge Karen K. Cole who is named in the "Notice of Intent" therefore is in conflict of Interest to continue in the case and refused to recuse herself even under the Legally Sufficient Affidavit of Motion to Recuse that

Plaintiffs docketed.  Plaintiffs made the Notice of Intent right after Judge Cole

made a False Order on 3/30/16 specifically making statements that were 100%

False and Plaintiffs have no other avenue than the Federal Court for regress of

these Violations of Federal and State Due Process and Inalienable Rights deprived

under Color of Law.

¶19  Judge Cole being in direct conflict of Interest now has made an order for

GMAC Mortgage LLC for an Alias Writ of Possession on 8/25/17 to evict the

Tenant who had put in a Notice of Tenancy in the docket right after Plaintiff went

to the FBI to have an Investigation done and Criminal Complaint and is going to

go back with Further evidence of the Crimes in the Duval County Court System

under Color of Law against the Constitution, Oaths of Office, Illegal Foreclosures

without Plaintiff being Served Process, Denials of Plaintiffs Rights to defend

against Entities who have Falsified Affidavits, Documents Recorded in Official

Records, Mail Fraud of a Consent Order docketed into the court specifically stating

the Tenant agreed to be evicted and the line above the Tenant's name is blank and

unsigned, but yet the Judge Bowden signed that consent Order later leading to

Judge Cole making her False Orders Granting Defendants GMAC a writ based on

False statements by Judge Cole.

The Writ is based on a Falsified Order on 3/30/16 that is docketed in the court so is

Judicial Admission and evidences the False Statements and  100% Proof of Judge

Cole's False Statements are all documents in the Docket Records and/or Official

Records so are all Judicial Admissions and Irrefutable Evidence Admissible under

the Florida Evidence Code. The 3/30/16 Falsified Judge Cole Order

1St False Statement: (specifically page 2 ¶2: "entry of Final Judgment of

Foreclosure" (FALSE)

2nd False Statement: Appeal 3/5/15 was on an "Affidavit for Esther Bien Aime" not

on Final Judgment of Foreclosure

3rd False Statement: "Affirmation of the Final Judgment of Foreclosure". False:

Dismissed: "Order Denying Affidavit for Esther Bien Aime"

The Mandate was "Dismissed" and (Does not state "Affirmation of Final

Judgment of Foreclosure." For which Judge Cole specifically stated and the Actual

Opinion of the Appeal 15-1038 that Judge Cole specifically stated is in the docket

records and Official Records again judicial Admissions Admissible under the

Evidence Code.

4th False Statement: Page 3 Paragraph under IT is ORDERED: (2) "has been

affirmed on appeal" is "FALSE" (AS again the 1st Appeal 15-1038) was not an

Appeal on Final Judgment.)

Judges cannot make False statements in Orders and this was not just an error or

mistake as Judge Cole has had over a year to correct the record, but instead

remains silent just like all the other Judges such as Chief Judge Mahon, numerous

Attorneys, Clerks of Courts, 1DCA Judges, all of which know that these statements made in this Order on 3/30/16 is "False", but yet all remain silent even when Plaintiffs have made clear that this is crimes Third Degree Felonies and each and every person to whom has this knowledge is guilty of Misprision of a Felony and/or Misprision of Treason, but yet this Obstruction of Justice, Aiding and Abetting continues silently in the lower court all in an effort for GMAC Mortgage LLC. To obtain the property illegally without a Legally Sufficient Lis Pendens Recorded, without any Service of Process perfected on either Plaintiff, WITHOUT PRODUCING A NOTE TO THE COURT, doing Mail Fraud by a False Consent Order sent to the Tenant Esther Bien Aime and to the court by mail claiming Tenant Esther Bien Aimes agreed to be Evicted.  What is really outrageous is the Blank Line where Tenant Esther Bien Aimes signature would be is "BLANK", but yet Judge Bowden signed the Order anyway.  Are all of these Officers of the court on the take by the Banks?  Plaintiffs doesn't know, but this has come to the time that a Federal Judge who hopefully is Fair and Impartial and abides by their Oath to the Constitution will look at the evidence in the Records and agree that Plaintiffs have been "Irreparably Harmed and Treated as inhumane with Malice and Viciousness" all in an effort to give these Entities that did not prove their case or any consideration whatsoever a "Free House" as no matter how it would be viewed Plaintiffs would not be getting a Free House as Plaintiff Judy Ann J. Keeter has

invested great amounts of money into the homes and does have proof of these

facts, and has also lost Eight years of her life fighting not just for a house, but for

her Rights as well as all other Americans that do not realize how their rights are

stripped away by doing nothing or not knowing what to do.  This is the reason I

have solely studied the law for eight years trying to fight for my Rights and other

Americans and my eight years of life is worth fighting for and is worth hopefully

preventing other pro se litigants from ever going through such an "Abuse of Power

in the System that has become Corrupt beyond Belief."  Always when I think of

Rights and people who fought for Rights in wars and came back missing limbs,

died, or lost a part of themselves suffering from PTSD which I suffer from but

mine is from Litigation.  I think of what my Father who served in the Army told

me years ago with tears in his eyes that he watched his Best Friend be ran over by

a Tank flattened like a pancake, that is a memory that makes me fight for my rights

as I am fighting for All people as an American Citizen.  This is not about money,

this is about a Justice System that has become so Corrupt that it is normal for

Judges, Attorneys, and Clerks to be untruthful, and go on with business as usual.

This is not business for Plaintiffs, this is their lives that have been destroyed and

caused immeasurable literal heartache (Congenital Heart Failure) and such Anxiety

that Plaintiff herself almost died a couple of times.  This kind of abuse by the so

called Legal system under Color of Law has to stop.

Plaintiffs Federal and State Due Process Rights by Oppression, Discrimination,

Suppression, of All Inalienable Equal Rights under the Constitution and rendering

under "Color of Law" against the Supremacy Clause of the United States of

American a Treasonous Act by Officers of the Court.

"Every person who, under color of any statute, ordinance, regulation, custom, or usage of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. 42 U.S.C. §1983 (1994)

Fed. R. Civ. P. 12(b)(6), the Court must accept all factual allegations in the complaint as true and construe them in the light most favorable to the plaintiff. Castro v. Sec'y of Homeland Sec., 472 F.3d 1334, 1336 (11th Cir. 2006); Hill v. White, 321 F.3d 1334, 1335 (11th Cir. 2003).

While Fed. R. Civ. P. 8(a)(2) requires a pleading to contain a "short and plain statement of the claim showing that the pleader is entitled to relief," it does not require "detailed factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). The Court should dismiss a claim where a party fails to plead facts that make the claim facially plausible. Id. at 679. A claim is facially plausible when the Court can draw a reasonable inference, based on the facts pled, that the opposing party is liable for the alleged misconduct. Id. at 678 (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007)). This "plausibility standard" requires "more than a sheer possibility that a defendant has acted unlawfully," and where the complaint only alleges facts "merely consistent with" liability, it "stops short of the line between possibility and plausibility of entitlement to relief." Id. (quoting Twombly, 550 U.S. at 557).

¶20. Venue in this judicial district and division is proper, pursuant to 28 U.S.C.

1391(b) and MD. Fla. Lee. R. 1.02. Plaintiffs are residents of this judicial district

and division. Furthermore, all events giving rise to Plaintiffs.  All claims occurred

in the City of Jacksonville, Florida, in this judicial district and division.

¶21.. Judy Ann Keeter Robert Keefer are residents and citizen of Jacksonville, Duval County, Florida.

¶22. Robert Keefer is a resident and citizen of Jacksonville, Duval County, Florida.

¶23. Chief Judge Mahon is the Chief Judge of the Fourth Judicial Circuit, and has administrative supervision over all the trial courts within the judicial circuit and over the judges and other officers of such courts. FLA. STAT.

¶24. Furthermore, Chief Judge Mahon is vested with the authority do everything necessary to promote the prompt and efficient administration of justice in the courts over which he or she is chief judge. FLA. STAT. At all times material hereto, Chief Judge Mahon acted under color of state law and knowingly Aided and Abetted Judge Karen K. Cole with making "False Orders on 3/30/16" as Plaintiffs sent Chief Judge Mahon copies requesting Assignment to another Judge when Judge Cole refused to recuse herself.

¶25. Plaintiffs informed all through multiple emails that were ignored, thus Aiding and Abetting Judge Cole's actions outside of the Florida Statutes, Rule of Law, Rules of Procedure and most importantly making Falsified Orders on 3/30/16.

¶26. These acts would leave all persons receiving the Emails at jeopardy of Misprision of a Felony.  No action was taken by Chief Judge Mahon. Plaintiffs sue Chief Judge Mahon in his official capacity for prospective declaratory relief, injunctive relief, for failing to take action or report Judge Cole's actions of

Falsified Order made to take Plaintiffs property. A third degree Felony Crime and

documented in the Official Records of the Court and Dockets of the 1DCA Court.

The Chief Judge Mahon had a responsibility to control the Judges in the lower

court and was made aware of all these Travesties of Justice, Crimes, Perjury, False

Documents as Plaintiffs repetitively sent Emails directly to Chief Judge Mahon and

he is aware of the Conflict of Interest for these Judges to continue in these cases

making Orders but has remained silent and aided and abetted these crimes that is

Misprision of Felony and Misprision of Treason and plain derelict of his duty to

the Oath to the Constitution and Canons of Professional Conduct.  This is

Obstruction of Justice in its highest form.

ctive relief, and fees and costs.

¶27 Plaintiffs is an extremely distressed pro se that has severe Anxiety disorder,

Sleep Apnea, Narcolepsy, Congenital Heart Failure, has almost died from the

Abuse of the Lower Court Fourth Judicial Duval County Court System that has

Irreparably destroyed Plaintiffs life's for eight (8) years now, so it is very difficult

to be clear in writing especially when Judy Ann J. Keeter always loved the law,

studied it in college, and believed in the Judicial System.  Now I can state that after

all of this Oppression, Abuse, and Violations of All Inalienable Rights that we

have been subjected to by Officers of the court, I am not angry as some would

think, but deeply saddened and disheartened that this could occur by people who

have Honorable before their names, taken Oaths, constantly state they are held to a

higher standard. This has not been true with my experience and even watching

other pro se litigants and honest attorneys who really fight for Justice. I write with

tears streaming down my face half of the time, because it is so difficult to wrap my

head around what has occurred by Officers of the Court. However, my concern at

this moment in time is to protect the Tenant Esther Bien Aime living at 6732

Nightingale Road, Jacksonville, Florida 32216 who has a lease and pays her rent to

Plaintiffs who have Rightful Possession to the property even in light of the court

illegally foreclosing without Plaintiffs ever being before the court, without GMAC

Mortgage, LLC. Ever producing a Note, ever perfecting service of process, without

ever having any Admissible Evidence to prove Standing or a Right to Enforce or

any Consideration whatsoever to evidence any Interest in the property. Oh, and

without a "Recorded Lis Pendens for the Duval County Propety". The Lis Pendens

Recorded has a legal description of a property in St. Lucie Florida. So, let me

briefly repeat this, No Note, No Service of Process, No Recorded Lis Pendens, No

Admissible Evidence, and No Assignment at Inception but months later after

Inception, a confirmed "Robo Signed Assignment was then Record by the 1st

confirmed Robo Signer Jeffrey Stephans". Those are just some Pertinent FACTS

OF THE RECORDS THAT ARE JUDICIAL ADMISSIONS that Prove 100% that

this was an "Illegal Foreclosure" that should have been Dismissed with Prejudice

in 2010 had the Judicial System not had so many Officers of the Court Aiding and

Abetting the Corruption and Obstruction of Justice.

¶28.  Plaintiffs attempt for now as stated is to protect the Tenant from being

Illegally Evicted due to the Corrupt System that allows Judge Karen K. Cole to

Falsify an Order on 3/30/16 outlines four (4) false statements). This directly

resulted in the "Order for Alias Writ of Possession being issued on 8/25/17".

Plaintiff had appealed the Order that was "Falsified" and is proven by the Records

Itself of the lower court and the 1DCA court, but for some reason the 1DCA

Affirmed the Order and without opinion leaving Plaintiffs no other recourse but to

go to the Federal Court when the lower court has denied her the most fundamental

rights of simply being actually Heard, which is the main scope of duty of an

Impartial Judge is to hear both sides completely and then make a decision.

¶29. Plaintiffs were deprived that right for eight long tortious years.  Plaintiffs have

two (2) Transcripts of the Hearings with Judge Cole that clearly evidence Judge

Cole did not hear Plaintiffs Motion (Exhibit #22), below is a snippet of the Title.

**EMERGENCY VERIFIED DEFENDANTS OMNIBUS MOTION
TO VACATE VOID JUDGMENT PROCURED BY FRAUD AND
NOTICE, VIOLATIONS OF ALL DEFENDANTS RIGHTS 42
U.S.C. §1983 WAS A MISCARRIAGE OF JUSTICE AND AIDING
ABETTING FRAUD/DECEIT/DECEPTION IN THIS CASE
WITH COMPLETE INTERFERENCE, OBSTRUTION OF
JUSTICE, IGNORANCE OF ACCESS TO THE COURT BY
JUDICIAL OFFICERS AND ALLOWANCE OF MALICIOUS
PROSECUTION OF DEFENDANTS**

The Motion was not actually Heard by Judge Cole, however, the two (2)

Transcripts evidence what really occurred.  (Exhibit #23 2/16/16 Transcript) and

Exhibit #24, 3/29/16 Transcript).   Plaintiffs even stated on record to Judge Cole

that Plaintiffs had not been heard on any Motions and Judge Cole tried proceeded

to manipulate what Plaintiffs stated by Judge Cole stating "Yes you have had two

hearings", but Plaintiff stated "Not Heard".   There is a significant and pertinent

difference.   It doesn't matter if Plaintiffs would have 100 hearings with Judge Cole

when she does not actually Hear Plaintiffs Motion.   From the start Judge Cole

made up her mind that she was ruling against Plaintiffs and the Transcripts clearly

evidence her Bias for the Attorney.   Judge Cole shows in both transcripts (Exhibit

#23 and Exhibit #24) that she was acting as a Teacher, Assistant Council, or maybe

an infatuation with the young handsome Attorney.   This was not actions of an

Honorable Judge that hears from both parties Impartially and Fairly to obtain the

Facts and then make a decision by the Rule of Law.   Plaintiffs does not state these

words lightly as she has respect for Honorable Judges who take their Oath

seriously and reverently, which makes the point not to cover up such Acts that

takes away the confidence of the Integrity of the court for common citizens.

**§825 ABUSE, NEGLECT, AND EXPLOITATION OF ELDERLY PERSONS AND DISABLED
ADULTS continued to assert on appeal that the judgment should be affirmed...**
*Magee v. American Southern Home Ins. Co., a Florida Corporation*, **issued June 2,
2008**


¶30. Judge Cole violated Plaintiffs Federal and State Due Process Rights to be

thoroughly heard on their Motion as Plaintiffs had even asked for one (1) hour to

be set aside to be heard.  There is no doubt this is as prejudicial as a Judge can be

with a litigant and even more so with one who has Severe Anxiety Disorder,

Congenital Heart Failure, and depressive states because of all of this fighting the

Corruption in this Duval County Court system with the foreclosures being pushed

through by Color of Law knowing full well that most people cannot fight or do not

have the knowledge to fight.  Plaintiff Judy Ann J. Keeter have worked 14 to 16

hours days for eight years in order to learn how to fight a system that is set up to

make a Pro Se Litigant fall.  Judges claim all the time that Pro Se litigants have

more leeway, however, this Pro Se Litigant states that is Not True.  Pro Se

Litigants are most of the time from my experience treated as a 3rd class citizen,

belittled by the Judges, Interrupted constantly (which hinders myself profusely due

to my Short term problems with memory that I have to concentrate very hard).

7942: (CASE #2014-CA-005715)Judge Beverly

¶31. Another example of damages Plaintiffs have suffered with Severe Sleep

Apnea and Narcolepsy, the afternoon is most difficult, due to grogginess and one

Judge Beverly particularly makes hearings in the afternoon 2:30 and 1:30 and I

have asked for him to assign my case to another Judge who could hear me in the

mornings, due to I am so hindered in the afternoons, it is difficult to function at the

hearings so I am already prejudiced.  Judge Beverly refused.

¶32. Judge Beverly also refused for us to use a tiny recorder along with the court reporter's recorder so I could review what was said because of my memory lapses and Judge Beverly refused me to use the recorder stating it was "Intimidating". This is absolutely ludicrous when you look at my small recorder beside of the Court Reporters small record, why isn't the court reporter's recorder Intimidating instead of mine.

¶33. Judge Daniel was a Judge in another case that had no problem with me using a recorder as he stated the Court Reporter already had one and I had the right to record.

¶34. Judge Beverly also was one of the Judges listed in the Notice of Intent, so he is in Conflict also, but refused to assign to another Judge.  Judge Beverly has also shown Bias for the Attorneys on the other side by ignoring Perjury on Record by one of the Attorneys, by Ignoring Perjured Affidavits by the Attorneys, plus much more that I have been trying to get into a coherent structure so the Federal Judge could understand just how Plaintiffs Federal and State Due Process Rights have been violated and the Judges are ruling outside of the Rule of Law under Color of Law.

*"Due process mandates that in any judicial proceeding, the litigants must be afforded the basic elements of notice and opportunity to be heard." *E.I. DuPont De Nemours Co. v. Lambert,* 654 So.2d 226, 228 (Fla. 2d DCA 1995) (citing *Cavalier v. Ignas,* 290 So.2d 20, 21 (Fla. 1974)); *see also Mullane v. Cent. Hanover Bank Trust Co.,* 339 U.S. 306, 314, 70 S.Ct. 652, 94 L.Ed. 865 (1950)

("The fundamental requisite of due process of law is the opportunity to be heard.'

violate the Federal and Florida Constitutional guarantees of due process of law,.... _Bussey v. Legislative Auditing Committee,_ 298 So.2d 219 (Fla. 1st DCA 1974), _appeal dismissed_ 312 So.2d 737 (Fla. 1975); _see also Klinger v. Milton Holding Co.,_ 136 Fla. 50, 186 So. 526 (1938)

Any action by a court against a defendant based upon improper service by publication is without authority of law. _Klinger v. Milton Holding Co.,_ 136 **Fla.** 50, 186 So. 526 (**Fla. 1938**).
As grounds for this motion, appellant alleged that the Circuit Court lacked jurisdiction over his person due to insufficiency of process and insufficiency of service of process. The trial judge found that service by United States mail of a copy of the complaint upon the appellant's attorney was sufficient to give the Circuit Court jurisdiction over the person of appellant. We disagree and reverse... Without proper service, the court lacked jurisdiction to order the Department's involuntary joinder as a party defendant.....

If we were to give this language the interpretation urged by appellee, it would violate the Federal and Florida Constitutional guarantees of due process of law, which concept includes _notice_ and opportunity to be heard and to defend before a competent tribunal vested with jurisdiction of the subject matter of the cause. It will not be presumed that the Legislature intended to enact a statute which does away with due process of law.

There can be no doubt that the cited language of the statute gives the Circuit Court jurisdiction of the subject matter. But it does not, and no statute can, give the Court jurisdiction over the person unless process is properly issued or waived. To say that process confers jurisdiction means that it empowers the court to exercise authority derived from law. 62 Am. Jur.2nd, "Process", § 2. In short, the sufficient service of process initiates a case in the trial court, and until the case has been properly initiated, no determination of the adverse claims of the parties may be made. As noted in 62 Am.Jur.2nd, "Process", § 3:

"A judgment against one who was not given notice in the manner required by law of the action or proceeding in which such judgment was rendered lacks all the

attributes of a judicial determination; it is judicial usurpation and oppression, and can never be upheld where justice is fairly administered."

Accordingly, inasmuch as appellant was never properly served with the process of the Circuit Court, said court erred in denying appellant's motion to dismiss the complaint for lack of jurisdiction. The said Order is therefore reversed. Reversed. BOYER, Acting C.J., and McCORD, J., concur.

*See Bussey v. Legislative Auditing Committee,298 So.2d 219 (Fla. 1st DCA 1974), appeal dismissed 312 So.2d 737 (Fla. 1975); see also Klinger v. Milton Holding Co., 136 Fla. 50, 186 So. 526 (1938)*

¶35 Every American Citizen has a right to fight a party that they believe does not have any right to sue them and doesn't have any consideration in the claim to have relief. Plaintiffs have a great deal of monetary consideration, labor and it has cost Plaintiffs dearly fighting for eight (8) years on these foreclosure when the facts at the beginning evidenced clearly that GMAC Mortgage Funding, LLC. Did not have Standing, No Assignment, No Power of Attorney for people signing, No Note every produced, No Legally Sufficient Lis Pendens for the property foreclosed, (Ref. Exhibit #6 Lis Pendens versus Exhibit #7 Warranty Deed of the property for 6732 Nightingale Road Legal Description and in Duval County that is not in the Exhibit #6 Recorded Lis Pendens. How could a court allow GMAC to obtain a Judgment, Sale, and Title without a Recorded Lis Pendens for the Property, A Note, no Perfected Service, or Evidence. How? By "Color of Law" and Violating Plaintiffs Federal and State Due Process Rights, Civil rights, Human Rights, Title

18 USC Section 241 and Section 242 Rights, Inalienable Rights of the Supremacy Clause the True Law of the Land. Surely a Federal Judge will see these are Facts that support Plaintiffs Claims and support an Injunctive Against the Illegal Writ by Judge Cole on 8/25/17, that again is named in this lawsuit.

¶36. The Judge can clearly see that the Lis Pendens is Invalid for a St. Lucie Florida Property.

¶37. Further, my husband Robert Keefer has never even signed a Mortgage or Note but yet he has a Hugh Judgment against him, that is Malicious Prosecution.

¶38. This case would have been over immediately had Plaintiffs retained Attorney (KEL) at the time simply asked for time to familiarize himself with the case in March 2009, and asked for an extension of the Hearing on Summary Judgment be continued, but they failed to do any due diligence showing incompetency that ultimately lead to the Judgment.

¶39. Plaintiff even had a Motion to Dismiss in the docket before hiring the Kel Attorney that had it been ever heard, the case would have been Dismissed, but it was never heard and the Motion to Quash was set for hearing After the Sale, thanks to Kel's actions of no due diligence to protect their client.

¶40. Plaintiffs were denied and deprived all rights from 2009 to 2016 and that is so incredibly disturbing to Plaintiff that it doesn't make her mad, it makes me very Sad and discouraged that this is the Justice System we have in the lower court now.

A pro Se has no right to fight an entity that never had standing and even did multiple Frauds on the court, had no real evidence, but they should get a Free House.

¶41.  On March 30, 2016, Judge Karen K. Cole issued an Order Granting GMAC Mortgage, LLC. (Writ of possession) (Exhibit #1) and Denied Plaintiffs Motion to Vacate and Plaintiffs Motion to Vacate was not even noticed in the Notice of Hearing. Ref. (Exhibit #22) Plaintiffs Motion to Vacate.

¶42. In relevant part, these are crimes by Judges and the Attorneys throughout the entire record.  Dissemination of materials that degrade or call into question the integrity of the Court or any of its judges claiming the Courts, Court personnel or judges are corrupt, biased, dishonest, partial, or prejudiced) in the Duval County Courthouse.

¶43. Plaintiffs is now even afraid to object on record for fear of being found in criminal contempt of Court, because that is exactly what Judge Bowden stated to her in another hearing because she was bringing up Perjury by the opposing attorney that was 100% True, but instead of asking the Attorney, Judge Bowden threatens Plaintiff with Criminal Contempt which objecting or informing a Judge about Perjury is not Criminal Contempt.  Plaintiff also has the Transcript to produce to evidence these facts as well.

¶44. This is an action for Emergency Injunctive Relief to prevent an Illegal Alias Writ of Possession being issued by the Clerk of Court in a lower case #2009-CA-015882 (GMAC Mortgage, LLC. V. Judy Ann Jean Keeter, Robert Keefer), and Order Restricting Judge Karen K. Cole from making any further Orders in this case and any other case for Plaintiffs.  Judge Karen K. Cole was named for pending Litigation through Notice to the City of Jacksonville for Violations of Plaintiffs Federal and State Due Process Rights, Illegal Foreclosures, Illegal Certificate of Titles Issues, Discrimination as a Pro Se, (Disabled and Elderly age), others as being named in this case and other equitable and statutory relief, including actual damages for injured consumers, civil penalties, attorney's fees and other appropriate relief, brought pursuant to the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), Chapter 501, Part II, Florida Statutes (2014) ("FDUTPA"); §501,207(1)(c)(6) (2014).

## COUNT I — FIRST, FOURTEENTH, AMENDMENT VIOLATIONS
45. Plaintiffs reallege and incorporate by reference the allegations in paragraphs 1 through 44 as though fully set forth herein.
46.. This is an action pursuant to 42 U.S.C. §§ 1983 and 1988, and the First and Fourteenth Amendments for declaratory and injunctive relief.
47. Not heard is unconstitutional on its face, because it impermissibly infringes on Plaintiffs' right to free speech, protected by the First Amendment, which is incorporated against the States by virtue of the Fourteenth Amendment.
48. No findings of facts or Conclusions of law is fatally depriving Plaintiffs from rights of defense and no record for appeal and Irreparably damages Plaintiffs to have any level field to fight for their rights when Judges hide behind phrases Illegally insufficient or I Find that we have Jurisdiction with no explanation whatsoever is always used because there is none, but they get by because normal citizens cannot find so the system degrades and strips citizens of rights.

49. Unequal Rights is well established for Pro se Litigants everyday in courts all over America and this is not what my relatives died for.

## COUNT II DEPRIVATIONS OF TITLE 18 USC SECTION 241 AND SECTION 242

Plaintiffs reallege and incorporate by reference the allegations in paragraphs 1 through 44 as though fully set forth herein.

50. Depriving Plaintiffs to speak on record is unconstitutional and is restraint of speech and other expressive conduct to Preserve Plaintiffs records for appeal.

51. Judges censors speech by Pro Se Litigants and this is proven by Transcripts.

52. These actions by Officers of the court required investigation as they are crimes of those who are unlawfully

Making Falsified Orders especially Judges and this criminalizes otherwise legally-protected, Inalienable Rights to be before a Honest Fair and Impartial Judge that does not use False Statements in order to render for the opposing side that is an Attorney just like Judge Cole. First Amendment, expressive conduct for Plaintiffs.

53. Plaintiffs' First Amendment right to photograph, audio, or video in an open hearing especially in foreclosures is an Inalienable Rights that has been violated and Transcripts evidences this fact.

WHEREFORE, Plaintiffs respectfully request the following relief:

(a) a declaration that the "Order of Alias Writ of possession is facially unconstitutional especially by Judge Cole who is already named in suit.

(b) a temporary and/or permanent restraining order, prohibiting any enforcement of the "Order of Alias Writ of Possession" for address 6732 Nightingale Road, Jacksonville, Florida 32216.

(c) preliminary and permanent injunctions, prohibiting any enforcement of The "Order of Alias Writ of Possession" or any other Orders from Judge Cole.

(d) an award of reasonable costs and attorneys fees in favor of Plaintiffs, payable jointly and severally by the Defendants, pursuant to 42 U.S.C. § 1988, and

(e) such other and further relief as this Honorable Court deems just and appropriate.

## COUNT II — FOURTEENTH AMENDMENT VIOLATION

54. Plaintiffs reallege and incorporate by reference the allegations in paragraphs 1 through 44 as though fully set forth herein.

55. This is an action pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourteenth Amendment for declaratory and injunctive relief.

56. Order for "Alias" Writ of Possession is unconstitutionally vague on its face, because it is not phrased in terms sufficiently definite so that men of common intelligence will not have to guess at its meaning and application.

57. Denials of Plaintiffs Motions without Hearing and findings of fact and conclusions of law is Unconstitutional, void for vagueness, because it is ambiguous, fails to give adequate notice of why such Verified Plaintiffs Motions with Exhibits, Affidavits, etc. is legally insufficient, and encourages arbitrary and discriminatory orders taking Plaintiffs property without Federal and Due Process illegal and against the Supremacy Clause of the United States Constitution.

58. For example, fails to define the following material terms:

a. "perjury"

b. "call into question"

c. "disrupt"

d. "disturb"

e. "interrupt"

f. "interfere"

g. "impartial and orderly conduct of the judiciary"

h. "right in access to "

i. "overruling a Florida Statute"

59. Therefore, The "Order for Alias Writ of Possession", "Judgment without Appearance by Plaintiffs, Without Note Produced, Without Perfected Service, Without being Heard, Sell of property against Procedures, all violates the Fourteenth Amendment and pretty well almost every Amendment and Due Process.

WHEREFORE, Plaintiffs respectfully request the following relief:

(a) a declaration that  Order for Alias Writ of Possession is facially unconstitutional and Void.

(b) a temporary restraining order, prohibiting any enforcement of the "Alias Writ of Possession by JSO and no other orders by Judge Cole.

WHEREFORE, Plaintiffs respectfully request the following relief:

(a) a declaration that the "Order for Alias Writ of Possession is facially unconstitutional.

(b) a temporary restraining order, prohibiting any enforcement of Order.

(c) preliminary and permanent injunctions, prohibiting any enforcement of any orders by any Judges named in this complaint especially Judge Beverly, Judge Bowden, Judge Cole.

(d) an award of reasonable costs and attorneys fees in favor of Plaintiffs, payable jointly and severally by the Defendants, pursuant to 42 U.S.C. § 1988, and

(e) such other and further relief as this Honorable Court deems just and

Appropriate under such Abuse and Stripping of Plaintiffs Rights and Properties.

## COUNT III — VIOLATION OF FLORIDA CONSTITUTION SEPARATION OF POWERS DOCTRINE

60. Plaintiffs reallege and incorporate by reference the allegations in paragraphs 1 through 44 as though fully set forth herein.

61. In the State of Florida, "[o]ur theory of government is that of separation of powers. The Legislature and not the court is responsible for legislating . . . Judges of Courts cannot do so because [they] were not elected to the Florida Legislature." State, Dept. of Juvenile Justice v. Soud, 685 So.2d 1376, 1379 (Fla. 1st DCA 1997).

62. This Court has subject matter jurisdiction over this claim pursuant to 28 U.S.C. §1367, article V, section 5, of the Florida Constitution, and FLA. STAT. §26.012.

63. By entering the "Order of Alias Writ of Possession" Judge Karen K. Cole exceeded her jurisdiction being named in this suit and was in complete Conflict of Interest and authority, and in doing so, violated the Florida Constitution's Separation of Powers Doctrine.

64. The subject matter of "Order of Alias Writ of Possession is beyond that which is the proper concern of administrative orders, as contemplated by the Florida Rules of Judicial Administration.2

WHEREFORE, Plaintiffs respectfully request the following relief:

(a) a declaration that "Order of Alias Writ of Possession violates the Florida Constitution's Separation of Powers Doctrine.

(b) a permanent injunction, prohibiting any enforcement of the "Order of Alias Writ of Possession".

(c) an award of reasonable costs and attorneys fees in favor of Plaintiffs, payable jointly and severally by the Defendants, and

(d) such other and further relief as this Honorable Court deems just and Appropriate under such Blatant Cruel Acts Depriving Plaintiffs of their Federal and Due Process Rights for eight (8) years and Judge Cole Falsifying an Order on 3/30/16 is Unconstitutional, breach of numerous Canons, and treasonous and to then use to issue the Order of Alias Writ of Possession is a Vicious Act of Cruelty that had no support in the Entire Record.

## COUNT IV  INTENTIONAL INFLICTION OF SEVERE EMOTIONAL DISTRESS

**65.** Plaintiffs reallege and incorporate by reference the allegations in paragraphs 1 through 44 as though fully set forth herein.

**Elements of Cause of Action - Florida Supreme Court**

One who by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another is subject to liability for such emotional distress, and if bodily harm to the other results from it, for such bodily harm.

**SOURCE**
*Eastern Airlines, Inc. v. King*, 557 So. 2d 574, 575 (Fla. 1990).

**SEE ALSO**
1. *Metropolitan Life Insurance Co. v. McCarson*, 467 So. 2d 277 (Fla. 1985).
2. *Slocum v. Food Fair Stores of Florida, Inc.*, 100 So. 2d 396, 397 (Fla. 1958).

**Elements of Cause of Action - 1st DCA**
The elements of a cause of action for this tort are:
1. the wrongdoer's conduct was intentional or reckless; that is, the wrongdoer intended the behavior when he knew or should have known that emotional distress would likely result;
2. the conduct was outrageous; that is, beyond all bounds of decency, atrocious, and utterly intolerable in a civilized community;
3. the conduct caused emotional distress; and
4. the emotional distress was severe.

**SOURCE**
*Rivers v. Dillards Department Store, Inc.*, 698 So. 2d 1328, 1333 (Fla. 1st DCA 1997) (See dissent).

**SEE ALSO**
1. *Johnson v. Thigpen*, 788 So. 2d 410, 412 (Fla. 1st DCA 2001).
2. *Dowling v. Blue Cross of Florida, Inc.*, 338 So. 2d 88, 89 (Fla. 1st DCA 1976).
3. *Fletcher v. Florida Publishing Co.*, 319 So. 2d 100, 112 (Fla. 1st DCA 1975), *reversed in part and remanded*, 340 So. 2d 914 (Fla. 1976).

## COUNT V OBSTRUCTION OF JUSTICE
**66.** Plaintiffs reallege and incorporate by reference the allegations in paragraphs 1 through 44 as though fully set forth herein.

## COUNT VI MISPRISION OF A FELONY
**67.** Plaintiffs reallege and incorporate by reference the allegations in paragraphs 1 through 44 as though fully set forth herein.

## COUNT VII VEXATIOUS LITIGATION
**68.** Plaintiffs reallege and incorporate by reference the allegations in paragraphs 1 through 44 as though fully set forth herein.
**Abuse of the Judicial System:** In dismissing *Sibley v. Wilson*, Judge Moreno said that it is "the court's recognized right and duty, in both Federal and Florida state courts, to protect their jurisdiction from vexatious litigants and abuse of the judicial system." We agree. *Sibley v. Sibley*, 885 So. 2d 980, 988 (Fla. 3d DCA 2004), *rev. denied*, 901 So. 2d 120 (Fla. 2005), cert. denied, 126 S.Ct. 335 (2005).

## COUNT VIII ALTER EGO

**69.** Plaintiffs reallege and incorporate by reference the allegations in paragraphs 1 through 44 as though fully set forth herein.

"[A]llegations of mere instrumentality *and* improper conduct clearly state a cause of action."


## COUNT IX DECLARATORY JUDGMENT

**70.** Plaintiffs reallege and incorporate by reference the allegations in paragraphs 1 through 44 as though fully set forth herein.

**Elements of Cause of Action - Florida Supreme Court**

A party seeking declaratory relief must show:

[T]here is a bona fide, actual, present practical need for the declaration; that the declaration should deal with a present, ascertained or ascertainable state of facts or present controversy as to a state of facts; that some immunity, power, privilege or right of the complaining party is dependent upon the facts or the law applicable to the facts; that there is some person or persons who have, or reasonably may have an actual, present, adverse and antagonist interest in the subject matter, either in fact or law; that the antagonistic and adverse interest[s] are all before the court by proper process or class representation and that the relief sought is not merely giving of legal advice by the courts or the answer to questions propounded from curiosity. These elements are necessary in order to maintain the status of the proceeding as being judicial in nature and therefore within the constitutional powers of the courts.


## COUNT X INJUNCTION, PERMANENT

**71.** Plaintiffs reallege and incorporate by reference the allegations in paragraphs 1 through 44 as though fully set forth herein.

**Annotation**

The standard for issuance of a permanent injunction is essentially the same as that for the issuance of a preliminary injunction, except that a plaintiff seeking the former relief must show actual success on the merits, rather than a mere likelihood of success on the merits. *Bledsoe v. City of Jacksonville Beach*, 20 F.Supp.2d 1317 (M.D. Fla. 1998). *See also Del Pino v. AT&T Information Systems, Inc.*, 921 F.Supp. 761 (S.D. Fla. 1996).

In order to be entitled to injunction, movant must establish: substantial likelihood of success on the merits; that movant will suffer irreparable harm unless injunction issues; that threatened injury to movant outweighs any threatened harm injunction may cause opposing party; and that injunction, if issued, will not disserve the public interest. *Gross v. Barnett Banks, Inc.*, 934 F.Supp. 1340 (M.D. Fla. 1995). *See also Gangloff v. Poccia*, 888 F.Supp. 1549 (M.D. Fla. 1995).

Note: Federal cases have been cited because state court cases have not clearly commented on this issue. For a state court case, *see Eastern Federal Corp. v. State Office Supply Co., Inc.*, 646 So. 2d 737, 741 (Fla. 1st DCA 1994), *rev. denied*, 659 So. 2d 271 (Fla. 1995).

**SEE ALSO**

1. *Weekley v. Pace Assembly Ministries, Inc.*, 671 So. 2d 220 (Fla. 1st DCA 1996) (To state a cause of action for injunctive relief, plaintiff must allege ultimate facts which, if true, would establish irreparable injury, that is, injury which cannot be cured by money damages, clear legal right, lack of adequate remedy at law, and that requested injunction would not be contrary to interest of public generally.).

**COUNT XI Unclean Hands**

**72.** Plaintiffs reallege and incorporate by reference the allegations in paragraphs 1 through 44 as though fully set forth herein.

1. One who seeks the aid of equity must do so with clean hands. *Bradley v. Health Coalition, Inc.*, 687 So. 2d 329 (Fla. 3d DCA 1997). This rule applies to the State when it becomes a litigant. *Valdez v. State*, 194 So. 388, 394 (Fla. 1940).

**Totality of the Circumstances:** In deciding whether to issue an injunction in a particular case, a trial court must consider the totality of the circumstances and determine whether injunctive relief is necessary to achieve justice between the parties. This well-settled maxim of equity jurisprudence is summarized in §936 of the Restatement (Second) of Torts (1979): The appropriateness of the remedy of injunction against a tort depends upon a comparative appraisal of all of the factors in the case, including the following primary factors: (a) the nature of the interest to be protected, (b) the relative adequacy to the plaintiff of injunction and of other remedies, (c) any unreasonable delay by the plaintiff in bringing suit, (d) any related misconduct on the part of the plaintiff, (e) the relative hardship likely to result to defendant if an injunction is granted and to plaintiff if it is denied, (f) the interests of third persons and of the public, and (g) the practicability of framing and enforcing the order or judgment. *Davis v. Joyner*, 409 So. 2d 1193, 1195 (Fla. 4th DCA 1982).

**COUNT XII  SLANDER OF TITLE (DISPARAGEMENT OF PROPERTY)**

**73.** Plaintiffs reallege and incorporate by reference the allegations in paragraphs 1 through 44 as though fully set forth herein.

**1. Elements of Cause of Action - Florida Supreme Court**

Sec. 624. General Rule.

One who, without a privilege to do so, publishes matter which is untrue and disparaging to another's property, in land, chattels or intangible things under such circumstances as would lead a reasonable man to foresee that the conduct of a third person as purchaser or lessee thereof might be determined thereby is liable for pecuniary loss resulting to the other from the impairment of vendibility thus caused.
Sec. 625. Intention – Scienter – Malice.

One who publishes matter disparaging to another's property in land, chattels or intangible things is subject to liability under the rule stated in Sec. 624 although he:

(a)       did not intend to influence a third person's conduct as purchaser or lessee of the thing in question;

(b)       neither knew nor believed the disparaging matter to be false;

(c)       did not publish such matter from ill will toward the other or a desire to cause him loss.

Sec. 626. Disparaging Statements of Fact.

One who without a privilege to do so published an untrue statement of fact which is disparaging to the quality of another's land, chattels or intangible things, under circumstances which would lead a reasonable man to foresee that the conduct of a third person as purchaser or lessee thereof would be determined thereby, is liable for pecuniary loss resulting to the other from the impairment of vendibility so caused.

**SOURCE**
   *Lehman v. Goldin*, 36 So. 2d 259, 260 (Fla. 1948) (adopting sections 624 – 626 of the Restatement of Torts). Note: Not the Restatement (Second) of Torts.

**SEE ALSO**
1. *Old Plantation Corp. v. Maule Industries, Inc.*, 68 So. 2d 180, 181 (Fla. 1953) (" 'Slander of title' may be defined as a false and malicious statement, oral or written, made in disparagement of a person's title to real or personal property, or of some right of his, causing him special damages.").

**Elements of Cause of Action - 1st DCA**
   Thus liability is generally imposed upon a defendant who:
1.       communicates to a third person;
2.       statements disparaging the plaintiff's title;
3.       which are not true in fact; and
4.       which cause the plaintiff actual damage.

**SOURCE**
   *Gates v. Utsey*, 177 So. 2d 486, 488 (Fla. 1st DCA 1965).


**COUNT XIII ABUSE OF PROCESS**

74. Plaintiffs reallege and incorporate by reference the allegations in paragraphs 1 through 44 as though fully set forth herein.

**1. Elements of Cause of Action - 1st DCA**

Abuse of process consists rather of a willful and intentional misuse of process for some wrongful and unlawful object or collateral purpose.

**SOURCE**

*Gause v. First Bank of Marianna*, 457 So. 2d 582, 584 (Fla. 1st DCA 1984).

**SEE ALSO**

1. *Bradley v. Peaden*, 347 So. 2d 455, 456 (Fla. 1st DCA 1977).
2. *Strickland v. Commerce Loan Company of Jacksonville*, 158 So. 2d 814 (Fla. 1st DCA 1963) (discussing an action for wrongful garnishment).

**2. Elements of Cause of Action - 2nd DCA**

A cause of action for abuse of process requires a showing of a willful and intentional misuse of process for some wrongful and unlawful object, or collateral purpose. . . . The abuse consists not in the issuance of process, but rather in the perversion of the process after its issuance. The writ or process must be used in a manner, or for a purpose for which it is not by law intended.

**SOURCE**

*Peckins v. Kaye*, 443 So. 2d 1025, 1026 (Fla. 2d DCA 1983).

## COUNT XIV MALICIOUS PROSECUTION

**75.** Plaintiffs reallege and incorporate by reference the allegations in paragraphs 1 through 44 as though fully set forth herein.

**1. Elements of Cause of Action - Florida Supreme Court**

In order to prevail in a malicious prosecution action, a plaintiff must establish that:

1. an original criminal or civil judicial proceeding against the present plaintiff was commenced or continued;
2. the present defendant was the legal cause of the original proceeding against the present plaintiff as the defendant in the original proceeding;
3. the termination of the original proceeding constituted a bona fide termination of that proceeding in favor of the present plaintiff;
4. there was an absence of probable cause for the original proceeding;
5. there was malice on the part of the present defendant; and
6. the plaintiff suffered damage as a result of the original proceeding.

**SOURCE**

*Alamo Rent-A-Car, Inc. v. Mancusi*, 632 So.2d 1352, 1355 (Fla. 1994).

**SEE ALSO**

1. *Burns v. GCC Beverages, Inc.*, 502 So.2d 1217, 1218 (Fla. 1986).
2. *Buchanan v. Miami Herald Publishing Co.*, 230 So.2d 9, 11 (Fla. 1969).
3. *Duval Jewelry Co. v. Smith*, 136 So. 878, 880 (Fla. 1931).

**1. Elements of Cause of Action - 1st DCA**

To prevail in an action for malicious prosecution, a plaintiff must show:

1. that an original criminal or civil judicial proceeding was commenced or continued;
2. that the defendant was the legal cause of the judicial proceeding;
3. that the judicial proceeding was terminated in the plaintiff's favor;
4. that probable cause for the proceeding was absent;

5. that malice was present; and
6. that the plaintiff suffered resulting damage.

**SOURCE**
*McCraney v. Barberi*, 677 So.2d 355, 356 (Fla. 1st DCA 1996).

**SEE ALSO**
1. *Jones v. State Farm Mutual Automobile Insurance Co.*, 578 So.2d 783, 785 (Fla. 1st DCA 1991).
2. *Cox v. Klein*, 546 So.2d 120, 122 (Fla. 1st DCA 1989).
3. *Harris v. Boone*, 519 So.2d 1065 (Fla. 1st DCA 1988).

## COUNT XV FRAUD

**76.** Plaintiffs reallege and incorporate by reference the allegations in paragraphs 1 through 44 as though fully set forth herein.

### 1. Elements of Cause of Action - Florida Supreme Court
The elements for actionable fraud are:
1. a false statement concerning a material fact;
2. knowledge by the person making the statement that the representation is false;
3. the intent by the person making the statement that the representation will induce another to act on it; and
4. reliance on the representation to the injury of the other party.
In summary, there must be an intentional material misrepresentation upon which the other party relies to his detriment.

**SOURCE**
*Lance v. Wade*, 457 So. 2d 1008, 1011 (Fla. 1984).

**SEE ALSO**
1. *American International Land Corp. v. Hanna*, 323 So. 2d 567, 569 (Fla. 1975).
2. *Joiner v. McCullers*, 28 So. 2d 823, 824 (Fla. 1947).
3. *Mizell v. Upchurch*, 35 So. 9, 12 (1903).

### 1. Elements of Cause of Action - 1st DCA
To prove fraud, a plaintiff must establish that the defendant made a deliberate and knowing misrepresentation designed to cause, and actually causing detrimental reliance by the plaintiff.

**SOURCE**
*Connecticut Gen. Life Ins. Co. v. Jones*, 764 So. 2d 677, 682 (Fla.1st DCA 2000).

**SEE ALSO**
1. *Miller v. Sullivan*, 475 So. 2d 1010, 1011 (Fla. 1st DCA 1985).
2. *Yost v. Rieve Enterprises, Inc.*, 461 So. 2d 178, 182 (Fla. 1st DCA 1984), *petition for rev. denied*, 469 So. 2d 750 (Fla. 1985).
3. *Barnett Bank of Tallahassee v. Capital City First National Bank*, 348 So. 2d 643, 645 (Fla. 1st DCA 1977).
4. *Tucker v. Mariani*, 655 So. 2d 221, 225 (Fla. 1st DCA 1995).

## COUNT XVI  FRAUDULENT MISREPRESENTATION

**77.** Plaintiffs reallege and incorporate by reference the allegations in paragraphs 1 through 44 as though fully set forth herein.

## 1. Elements of Cause of Action - Florida Supreme Court

In the state of Florida, relief for a fraudulent misrepresentation may be granted only when the following elements are present:
1. a false statement concerning a material fact;
2. the representor's knowledge that the representation is false;
3. an intention that the representation induce another to act on it; and
4. consequent injury by the party acting in reliance on the representation.

**SOURCE**
*Johnson v. Davis*, 480 So. 2d 625, 627 (Fla. 1985).

On (claimant's) claim for fraudulent misrepresentation, the issues for your determination are:
- First, whether (defendant) [intentionally]* made a false statement concerning a material fact;
- Second, whether (defendant) knew the statement was false when [he][she] [it] made it or made the statement knowing [he][she] [it] was without knowledge of its truth or falsity;
- Third, whether in making the false statement, (defendant) intended that another would rely on the false statement;
- Fourth, whether (claimant) relied on the false statement;
- Fifth, whether (claimant) suffered [loss] [injury] [or] [damage] as a result.

*\* The word intentionally should be used for clarity when there is also a claim for negligent misrepresentation.*

[On this claim for fraudulent misrepresentation, the]**[The] (claimant) may rely on a false statement, even though its falsity could have been discovered if (claimant) had made an investigation. However, (claimant) may not rely on a false statement if [he][she] [it] knew it was false or its falsity was obvious to [him][her] [it].

*\*\* The bracketed language should be used for clarity when there is also a claim for negligent misrepresentation.*

**SOURCE**
*Standard Jury Instructions—Civil Cases (No. 99-2)*, 777 So. 2d 378, 381 (Fla. 2000).

**SEE ALSO**
1. *Standard Jury Instructions—Civil Cases (No. 99-2)*, 777 So. 2d 378, 381 (Fla. 2000).
2. *Standard Jury Instructions—Civil Cases (1.0, 6.1d, MI8)*, 613 So. 2d 1316, 1317 (Fla. 1993).
3. *American International Land Corp. v. Hanna*, 323 So. 2d 567, 569 (Fla. 1975).
4. *Huffstetler v. Our Home Life Ins. Co.*, 65 So. 1 (Fla. 1914).

## 1. Elements of Cause of Action - 1st DCA

To prove fraud, a plaintiff must establish that the defendant made a deliberate and knowing misrepresentation designed to cause, and actually causing detrimental reliance by the plaintiff.

**SOURCE**

*Connecticut Gen. Life Ins. Co. v. Jones*, 764 So. 2d 677, 682 (Fla.1st DCA 2000).

**SEE ALSO**
1. *State of Florida, Department of Transportation v. Southern Bell Telephone and Telegraph Company, Inc.*, 635 So. 2d 74, 78 (Fla. 1st DCA 1994) ("Moreover, under certain circumstances, concealment or nondisclosure of a material fact may also form a basis for a claim in misrepresentation.").
2. *Stow v. National Merchandise Company, Inc.*, 610 So. 2d 1378, 1382 (Fla. 1st DCA 1992).
3. *Taylor v. Kenco Chemical & Mfg. Corp.*, 465 So. 2d 581, 589 (Fla. 1st DCA 1985).
4. *Baker v. United Services Automobile Association*, 661 So. 2d 128, 131 (Fla. 1st DCA 1995), *rev. denied*, 669 So. 2d 252 (Fla. 1996).


## COUNT XVII PUNITIVE DAMAGES IN FEDERAL CIVIL RIGHTS ACTIONS.

**78.** Plaintiffs reallege and incorporate by reference the allegations in paragraphs 1 through 44 as though fully set forth herein.


## COUNT XVIII   DEFAMATION

79. Plaintiffs reallege and incorporate by reference the allegations in paragraphs 1 through 44 as though fully set forth herein.

1. Elements of Cause of Action - Florida Supreme Court

A civil action for libel will lie when there has been a false and unprivileged publication by letter, or otherwise, which exposes a person to distrust, hatred, contempt, ridicule or obloquy or which causes such person to be avoided, or which has a tendency to injure such person in his office, occupation, business or employment. If the publication is false and not privileged and such that its natural and proximate consequence necessarily causes injury to a person in his personal, social, official or business relations of life, wrong and injuries are presumed or implied and such publication is actionable per se.

**Source**

*Cooper v. Miami Herald,* 31 So. 2d 382, 384 (Fla. 1947).

**See Also**

1.      The following statement is set forth in the dissent in *Wagner, Nugent, Johnson, Roth, Romano, Erikson & Kupfer, P.A. v. Flanagan,* 629 So. 2d 113, 115 (Fla. 1993).

The Restatement of Torts defines the elements of a cause of action:

Sec. 558. Elements Stated

To create liability for defamation there must be:

1.      a false and defamatory statement concerning another;

2.      an unprivileged publication to a third party;

3.      fault amounting at least to negligence on the part of the publisher; and

4.      either actionability of the statement irrespective of special harm or the existence of special harm caused by the publication.

Restatement (Second) of Torts Sec. 558 (1977).

The last element, special damages, may be summarized as "damages, either presumed or proved," and includes four classes: nominal, general, special, and emotional or bodily harm or injury.

Elements of Cause of Action - 1st DCA

The elements of a defamation claim include:

1.      a false and defamatory statement concerning another;

2.      an unprivileged publication to a third party;

3.      fault amounting at least to negligence on the part of the publisher; and

4.      either actionability of the statement irrespective of special harm or the existence of special harm caused by the publication.

Restatement (Second) of Torts §558 (1977). To state a cause of action against a media defendant for the common law tort of libel, "a private person must allege publication

1.      of false and defamatory statements of and concerning that private person,

2.      without reasonable care as to the truth or falsity of those statements,

3.      resulting in actual damage to that private person."

**Source**

*Thomas v. Jacksonville Television, Inc.*, 699 So. 2d 800, 803 (Fla. 1st DCA 1997).

**See Also**

1.      *From v. Tallahassee Democrat, Inc.*, 400 So. 2d 52, 57 (Fla. 1st DCA 1981), *petition for rev. denied*, 412 So. 2d 465 (Fla. 1982) ("We are not unmindful that several post-*Gertz* cases decided by Florida courts appear to indicate in dicta that a negligence standard has been adopted vis-a-vis private citizen plaintiffs.").


**COUNT XX ILLEGAL FORECLOSURES AND TAKING OF PROPERTY UNDER COLOR OF LAW VIOLATIONS OF PROPERTY RIGHTS UNDER THE FLORIDA AND FEDERAL CONSTITUTION**

**Standard of Review "Summary judgment is proper if there is no genuine issue of material fact and if the moving party is entitled to judgment as a matter of law."** Volusia Cty. v. Aberdeen at Ormond Beach, L.P., 760 So. 2d 126, 130 (Fla. 2000) (citing Menendez v. Palms W. Condo. Ass'n, 736 So. 2d 58, 60 (Fla. 1st DCA 1999)). "The standard of review of a summary judgment order is de novo and requires viewing the evidence in the light most favorable to the non-moving party." Sierra v. Shevin, 767 So. 2d 524, 525 (Fla. 3d DCA 2000) (citing Walsingham v. Dockery, 671 So. 2d 166, 172 (Fla. 1st DCA 1996)). "If the 'slightest doubt'

exists, then summary judgment must be reversed." Id. (citing Hancock v. Dep't of Corr., 585 So. 2d 1068, 1070-71 (Fla. 1st DCA 1991)). "In ruling on a motion for summary judgment, the court may neither adjudicate the credibility of the witnesses nor weigh the evidence." Id. (citing Hernandez v. United Auto. Ins. Co., Inc., 730 So. 2d 344, 345-46 (Fla. 3d DCA 1999)).

**COUNT XXI FAIR DEBT COLLECTION ACT**
**Third Party Debt Collector must prove the "Sale of a Note", the Exact amount of Consideration, Legally Sufficient and Admissible Evidence under the Florida Evidence Code and the Original Note, along with all Pertinent "Power of Attorney Documents", Legally Recorded Assignments of the Debt by Officers of the Corporation, such as the President, Vice President, and or CEO.**

**Plaintiffs will first state to the Judge reading this that she knows that she has repeated herself, rambled on sometimes, but please take into consideration that this is very difficult for Plaintiff Judy Ann J. Keeter as she stated she always loved the law, studied it in college, but didn't want to be an attorney because of how I saw people treated by Attorneys wrongfully, but now I feel I may have made a mistake, because there needs to be more people be Attorneys that believe in the Truth above all with Integrity and belief in the Oath to the Constitution.  I know there are Attorneys that believe this way, but there are way more than do not and will do anything in order to win a case and that makes a "Joke of the saying that Attorneys are held to a higher standard" and a Joke of "Equal Justice for All".  It boils down to who can afford to pay to win not 'what the Evidence of the Facts prove' and that is sad which caused Plaintiff to actually cry profusely while typing up legal papers**

because now I am so disheartened with the so called Justice System that people could be treated in the manner that Plaintiffs have been in the name of Justice! All Plaintiffs move for the court to take this complaint as it is with its flaws as all the statements that Plaintiffs have made are the real "Truth of the Records", "Transcripts", Official Records, Dockets, all evidence and prove by Judicial Admissions Plaintiffs has merit in finally having Relief and heard by a True Honorable Judge which is why Plaintiffs have now come to the Federal Courts for these Egregious Violations of All Inalienable Rights of Plaintiffs that has caused Irreparable and Immeasurable damages to Plaintiffs that can never been repaired. All Plaintiffs ask and pray to God for the Federal Judges to for once give the benefit to these Pro se litigants that they are entitled to Relief for what cannot even be called a Travesty of Justice by Tyrants but something that cannot even be put into words. Plaintiffs move the courts to prevent the Tenant Esther Bien Aime being evicted because the system failed Plaintiffs and provide Plaintiffs the Rights to bring the Records from the Lower courts that evidence all the Truth that this Federal court needs to ascertain who has been telling the Truth all this time and provide Plaintiffs All Relief the courts feel is warranted.

Respectfully submitted August 30th, 2017, by:

JUDY ANN JEAN KEETER AND ROBERT LEE KEEFER
/s/ Judy Ann Jean Keeter
/s/ Robert Lee Keefer
2349 Cedar Shores Circle
Jacksonville, Florida 32210
904-200-5798 or 904-294-2440 (telephone)
Email: jjproperties@gmail.com
And: posbob@gmail.com